IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAYLON RAY COULTER,<br>  #23016447, BOP #58976-177<br>       MOVANT, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL CASE NO. 3:23-CV-1422-M-BK |
| | §<br>§ | (CRIMINAL CASE NO. 3:19-CR-68-M-1) |
| UNITED STATES OF AMERICA,<br>       RESPONDENT. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Braylon Ray Coulter's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including findings and a recommended disposition. As detailed here, the § 2255 motion should be summarily **DISMISSED WITHOUT PREJUDICE** as premature.[1]

In 2022, a jury found Coulter guilty of possession of a firearm by a felon and he was sentenced to 92 months' imprisonment and a three-year term of supervised release. Crim. Doc. 352. Coulter's direct appeal of his conviction is pending before the United States Court of Appeals for the Fifth Circuit. *See Coulter v. United States*, No. 22-10975 (5th Cir.) (new counsel appointed on June 12, 2023). In his § 2255 Motion, Coulter challenges the trial court's

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

suppression rulings.  Doc. 1 at 2-9.

However, a district court does not entertain a § 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot."  *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) (per curiam), *abrogated on other grounds*; *see, e.g., United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) (per curiam) ("A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal.").  Therefore, Coulter's request for § 2255 relief should be dismissed without prejudice as premature.

For all these reasons, it is recommended that the § 2255 motion be **DISMISSED WITHOUT PREJUDICE**.[2]  *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on July 19, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] There is a one-year statute of limitations for filing motions to vacate, set aside, or correct sentence, which will apply to any subsequent § 2255 motion that Coulter files in this Court.  28 U.S.C. § 2255(f)(1)-(4).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).